IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02667-CNS-STV

JULIAN RAMON,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC.;
UBER USA, LLC;
RAISER, LLC; and
NICOLE GRIFFIE,

    Defendants.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion for Substitute Service on Defendant Nicole Griffie (the "Motion") [#22], which was referred to this Court [#23]. Through the Motion, Plaintiff requests that the Court permit substituted service for Defendant Griffie pursuant to Colorado Rule of Civil Procedure 4(f) and Colo. Rev. Stat. § 42-7-414(3)(a). [#22] For the following reasons, the Motion is **DENIED WITHOUT PREJUDICE**.

    Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the

party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiff asks the Court to allow service on Progressive, the insurer of the vehicle being driven by Defendant Griffie at the time of the accident from which the instant lawsuit arises. [#22 *generally*] Under Colorado law, there are certain circumstances where an insurer may be served as a substitute for the insured. *See* Colo. Rev. Stat. § 42-7-414. Pursuant to Colo. Rev. Stat. § 42-7-414(3)(a):

> The insurance carrier that issues a motor vehicle liability policy accepted as proof under this article shall include the following provision in the policy

contract: "If the insured's whereabouts for service of process cannot be determined through reasonable effort, the insured agrees to designate and irrevocably appoint the insurance carrier as the agent of the insured for service of process, pleadings, or other filings in a civil action brought against the insured or to which the insured has been joined as a defendant or respondent in any Colorado court if the cause of action concerns an incident for which the insured can possibly claim coverage. Subsequent termination of the insurance policy does not affect the appointment for an incident that occurred when the policy was in effect. The insured agrees that any such civil action may be commenced against the insured by the service of process upon the insurance carrier as if personal service had been made directly on the insured. The insurance carrier agrees to forward all communications related to service of process to the last-known e-mail and mailing address of the policyholder in order to coordinate any payment of claims or defense of claims that are required."

Courts have analyzed Motions for Substitute Service pursuant to Colo. Rev. Stat. § 42-7-414(3)(a) by reviewing the relevant insurance policy to correctly identify whether the elements of the statute have been satisfied. *See Ornelas v. Cauthon*, No. 24-cv-01888-KAS, 2024 WL 4534582, at *3 (D. Colo. Oct. 18, 2024); *Podlacha v. Dobrovlny*, No. 20-cv-01801-WJM-KMT, 2020 WL 6158605, at *1 (D. Colo. Oct. 21, 2020).

Here, the Court finds the Motion substantively deficient, as the Motion and the attached statements fail to establish that the person to whom delivery of substitute process is proposed—Progressive Insurance—is appropriate and reasonably calculated to give actual notice to Defendant. The Motion contends that Defendant Griffie was insured by Progressive at the time of the accident from which this case arises. [#22 at ¶ 6] However, this statement is not supported by any evidence for the Court to consider, specifically the Defendant's insurance policy with Progressive, which is most relevant to this Motion.

Accordingly, Plaintiff's Motion [#22] is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile a Motion for substitute service that corrects the deficiencies identified herein

3

and complies with the requirements of Colorado Rule 4(f) or Colo. Rev. Stat. § 42-7-414(3)(a).

DATED:  December 23, 2024                    BY THE COURT:
                                                        s/Scott T. Varholak
                                                       United States Magistrate Judge