**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-02667-CNS-STV

JULIAN RAMON,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC.;
UBER USA, LLC;
RAISER, LLC; and
NICOLE GRIFFIE,

    Defendants.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion for Substitute Service on Defendant Nicole Griffie (the "Motion") [#25], which was referred to this Court [#26]. Through the Motion, Plaintiff requests that the Court permit substituted service for Defendant Griffie pursuant to Colorado Rule of Civil Procedure 4(f) and Colo. Rev. Stat. § 42-7-414(3)(a). [#25] For the following reasons, the Motion is **DENIED WITHOUT PREJUDICE**.

    Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the

party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f).

Here, the Court is satisfied that due diligence has been used to attempt personal service and that further attempts to obtain personal service would be to no avail. The Motion states that Plaintiff was advised by the insurance carrier for Defendant Griffie that she was currently homeless in Denver, Colorado and provided a P.O. Box that Defendant Griffie had authorized them to provide. [##25 at ¶ 3; 25-1 at 52[1]] Plaintiff has attempted service at this P.O. Box and a physical address associated with Defendant Griffie without success. Given the circumstances, the Court finds that

---

[1] For consistency and clarity, the Court refers to the actual page number of the .pdf document uploaded to the Electronic Court Filing system, rather than to the numbering printed on each page.

2

Plaintiff's unsuccessful efforts at service are sufficient to establish the due diligence and futility required by Colo. R. Civ. P. 4(f).

Plaintiff asks the Court to allow service on Progressive Insurance, the insurer of the vehicle being driven by Defendant Griffie at the time of the accident from which the instant lawsuit arises. [#25] Under Colorado law, there are certain circumstances where an insurer may be served as a substitute for the insured. *See* Colo. Rev. Stat. § 42-7-414. Pursuant to Colo. Rev. Stat. § 42-7-414(3)(a):

> The insurance carrier that issues a motor vehicle liability policy accepted as proof under this article shall include the following provision in the policy contract: "If the insured's whereabouts for service of process cannot be determined through reasonable effort, the insured agrees to designate and irrevocably appoint the insurance carrier as the agent of the insured for service of process, pleadings, or other filings in a civil action brought against the insured or to which the insured has been joined as a defendant or respondent in any Colorado court if the cause of action concerns an incident for which the insured can possibly claim coverage. Subsequent termination of the insurance policy does not affect the appointment for an incident that occurred when the policy was in effect. The insured agrees that any such civil action may be commenced against the insured by the service of process upon the insurance carrier as if personal service had been made directly on the insured. The insurance carrier agrees to forward all communications related to service of process to the last-known e-mail and mailing address of the policyholder in order to coordinate any payment of claims or defense of claims that are required."

Courts have analyzed Motions for Substitute Service pursuant to Colo. Rev. Stat. § 42-7-414(3)(a) by reviewing the relevant insurance policy to correctly identify whether the elements of the statute have been satisfied. *See Ornelas v. Cauthon*, No. 24-cv-01888-KAS, 2024 WL 4534582, at *3 (D. Colo. Oct. 18, 2024); *Podlacha v. Dobrovlny*, No. 20-cv-01801-WJM-KMT, 2020 WL 6158605, at *1 (D. Colo. Oct. 21, 2020). Here, the insurance policy for Defendant Griffie includes the necessary provision designating Progressive Insurance as an agent of the insured for the purposes of service of

3

process. [#25-1 at 45] Thus, the Court finds the elements of Colo. Rev. Stat. § 42-7-414(3)(a) are satisfied.

Lastly, for substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also United States v. Elsberg*, 08-cv-00552-MSK-KLM, 2010 WL 5177439, at *3 (D. Colo. Aug. 17, 2010) ("For a substituted method of service to be valid, it must comport with due process by being calculated to 'apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting *Mullane*, 399 U.S. at 314)). While Plaintiff's proposed method of substitute service may very well meet this standard, Plaintiff has failed to provide the necessary argument or analysis for the Court to make such a determination. [*See* ##25, 28, 30] Indeed, upon noting that the Motion did not address whether the purported manner of service would apprise Defendant Griffie of the action, the Court explicitly Ordered Plaintiff to "submit supplemental briefing addressing how substituted service per Colo. Rev. Stat. § 42-7-414(3)(a) under the circumstances of this case comports with due process." [#27] Plaintiff filed two responses, neither of which even mentions the term due process, let alone analyzes the topic. [##28, 30] And the Court will not assume the role of advocate in crafting arguments that Plaintiff has elected not to present. Accordingly, Plaintiff's Motion [#25] is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile a motion for substitute service that corrects the deficiencies identified herein and specifically addresses the issue of whether substitute service as proposed by the instant Motion comports with due process.

4

DATED: January 8, 2025                    BY THE COURT:

                                          s/Scott T. Varholak
                                          United States Magistrate Judge