**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-02667-CNS-STV

JULIAN RAMON,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC.;
UBER USA, LLC;
RAISER, LLC; and
NICOLE GRIFFIE,

    Defendants.

_____

**ORDER**
_____

Chief Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion for Substitute Service on Defendant Nicole Griffie (the "Motion") [#32], which was referred to this Court [#33]. Through the Motion, Plaintiff requests that the Court permit substituted service for Defendant Griffie pursuant to Colorado Rule of Civil Procedure 4(f) and Colo. Rev. Stat. § 42-7-414(3)(a). [#32]  For the following reasons, the Motion is **GRANTED**.

    Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Colorado Rule of Civil Procedure 4(f) authorizes substitute service.  When the party attempting service "is unable to accomplish service . . . the party may file a

motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f).

Here, the Court is satisfied that due diligence has been used to attempt personal service and that further attempts to obtain personal service would be to no avail. The Motion states that Plaintiff was advised by the insurance carrier for Defendant Griffie that she was currently homeless in Denver, Colorado and provided a P.O. Box that Defendant Griffie had authorized them to provide. [## 32 at 3; 32-3 at 38[1]] Plaintiff has attempted service at this P.O. Box and a physical address associated with Defendant Griffie without success. Given the circumstances, the Court finds that Plaintiff's

---

[1] For consistency and clarity, the Court refers to the actual page number of the .pdf document uploaded to the Electronic Court Filing system, rather than to the numbering printed on each page.

2

unsuccessful efforts at service are sufficient to establish the due diligence and futility required by Colo. R. Civ. P. 4(f).

Plaintiff asks the Court to allow service on Progressive Insurance, the insurer of the vehicle being driven by Defendant Griffie at the time of the accident from which the instant lawsuit arises.  [#32]  Under Colorado law, there are certain circumstances where an insurer may be served as a substitute for the insured.  *See* Colo. Rev. Stat. § 42-7-414.  Pursuant to Colo. Rev. Stat. § 42-7-414(3)(a):

> The insurance carrier that issues a motor vehicle liability policy accepted as proof under this article shall include the following provision in the policy contract: "If the insured's whereabouts for service of process cannot be determined through reasonable effort, the insured agrees to designate and irrevocably appoint the insurance carrier as the agent of the insured for service of process, pleadings, or other filings in a civil action brought against the insured or to which the insured has been joined as a defendant or respondent in any Colorado court if the cause of action concerns an incident for which the insured can possibly claim coverage. Subsequent termination of the insurance policy does not affect the appointment for an incident that occurred when the policy was in effect. The insured agrees that any such civil action may be commenced against the insured by the service of process upon the insurance carrier as if personal service had been made directly on the insured. The insurance carrier agrees to forward all communications related to service of process to the last-known e-mail and mailing address of the policyholder in order to coordinate any payment of claims or defense of claims that are required."

Courts have analyzed Motions for Substitute Service pursuant to Colo. Rev. Stat. § 42-7-414(3)(a) by reviewing the relevant insurance policy to correctly identify whether the elements of the statute have been satisfied.  *See Ornelas v. Cauthon*, No. 24-cv-01888-KAS, 2024 WL 4534582, at *3 (D. Colo. Oct. 18, 2024); *Podlacha v. Dobrovlny*, No. 20-cv-01801-WJM-KMT, 2020 WL 6158605, at *1 (D. Colo. Oct. 21, 2020).  Here, the insurance policy for Defendant Griffie includes the necessary provision designating Progressive Insurance as an agent of the insured for the purposes of service of

3

process.  [#32-3 at 31]  Thus, the Court finds the elements of Colo. Rev. Stat. § 42-7-414(3)(a) are satisfied.

Lastly, for substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also United States v. Elsberg*, 08-cv-00552-MSK-KLM, 2010 WL 5177439, at *3 (D. Colo. Aug. 17, 2010) ("For a substituted method of service to be valid, it must comport with due process by being calculated to 'apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting *Mullane*, 399 U.S. at 314)).  In its original Motion seeking substitute service in this manner, Plaintiff failed to provide the necessary argument or analysis for the Court to make a determination on the due process issue [*See* ## 22, 25]  The Court then directed Plaintiff to "submit supplemental briefing addressing how substituted service per Colo. Rev. Stat. § 42-7-414(3)(a) under the circumstances of this case comports with due process."  [#27]  Plaintiff filed two responses, neither of which addressed the due process issue.  [## 28, 30]  The Court therefore denied Plaintiff's Motion without prejudice.  [#31]  Plaintiff then filed the instant Motion, which includes a section outlining the due process considerations in this case. [#32 at 3-4]  Plaintiff claims that service on Progressive Insurance comports with Defendant Griffie's due process rights because Progressive is in contact with Defendant Griffie and provided Plaintiff's counsel the P.O. Box that Defendant Griffie is using for correspondence.  [#32 at 4]  Plaintiff also provides evidence that Defendant Griffie picked up a copy of the Complaint that was sent to this P.O. Box in October 2024.  [*Id*.;

4

#32-1 at 12[2]]  The Court is satisfied with Plaintiff's argument on this issue and concludes that the circumstances described in Plaintiff's motion are sufficient to put Defendant Griffie on notice of the impending litigation.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's Motion [#32] is **GRANTED**;

2. Plaintiff is authorized to serve Defendant Griffie by substituted service made on Progressive Insurance's registered agent per Colo. Rev. Stat. § 42-7-414(3)(b): Division of Insurance, 1560 Broadway, Denver, CO 80202;

3. Service of process shall be effectuated upon Defendant Griffie in accord with Colo. R. Civ. P. 4(f) by sending a copy of the summons, Complaint, and all other relevant documents, via registered mail with delivery confirmation, to the following locations on or before the date of delivery of process to Progressive Insurance's registered agent:

   (a) Nicole Griffie at the P.O. Box most recently associated with her as referenced in the Motion: P.O. Box 460681, Denver, CO 80246; and

   (b) Nicole Griffie at a last-known address as referenced in the Motion: 18495 E. Tennessee Place, Apt 304, Aurora, CO 80017; and

4. Plaintiff shall promptly file a status report informing the Court when such service is accomplished.

---

[2] For consistency and clarity, the Court refers to the actual page number of the .pdf document uploaded to the Electronic Court Filing system, rather than to the numbering printed on each page.

5

DATED: January 13, 2025         BY THE COURT:

                                <u>s/Scott T. Varholak</u>
                                Chief United States Magistrate Judge